O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV11-1501 DOC (MLGx)              Date: August 24, 2012

Title: JOAQUIN LAFARGA. V. LOWRIDER ARTE MAGAZINE ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER DENYING DEFENDANT'S MOTION TO DISMISS, DENYING AS MOOT PLAINTIFF'S MOTION FOR ORDER COMPELLING SERVICE, AND ORDERING PLAINTIFF TO SHOW CAUSE**

       Before the Court are two motions: (1) a Motion to Dismiss filed by Defendant Source Interlink Magazines, LLC (erroneously sued as Lowrider Arte Magazine) ("Defendant") (Dkt. 11); and (2) a Motion for Order Compelling United States Marshals Service to Comply with Court's Order and Serve Complaint and Summons filed by Plaintiff Joaquin Lafarge ("Plaintiff") (Dkt. 10). After reviewing the motions, opposition, and reply, the Court DENIES Defendant's Motion and DENIES AS MOOT Plaintiff's Motion.[1]

       The Court also ORDERS Plaintiff to SHOW CAUSE why the Court should not dismiss this case for failure to allege copyright registration. Plaintiff shall file a Response on or before **September 17, 2012**. **If Plaintiff fails to do so, this Court shall dismiss WITH PREJUDICE**. If Defendant wishes to file a Reply to that Response or to this Order to Show Cause, Defendant must do so on or before **October 1, 2012.**

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV11-1501 DOC (MLGx)  Date: August 24, 2012
Page 2

I. **Background**

The gravamen of Plaintiff Joaquin Lafarge's Complaint is that Defendant Source Interlink Magazines, LLC (erroneously sued as Lowrider Arte Magazine) infringed Plaintiff's copyrights by publishing photographs and images of Plaintiff's oil paintings in its August/September 2010 issue of Lowrider Arte Magazine. The Complaint alleges the following facts.

a. **Lowrider Arte Magazine Publication**

In August 2010, Defendant published an issue of Lowrider Arte Magazine which included six "full page photographs and images of Plaintiff's original oil paintings" without Plaintiff's consent or authorization. Compl. at ¶ 9. Each of the oil paintings has been "signed by the [P]laintiff/artist Joaquin Lafarge," and prior to the magazine's publication, the works had never been exposed to the public. *Id.* at ¶¶ 10–14.

b. **The Present Lawsuit and Defendant's Motion to Dismiss**

On October 13, 2011, Plaintiff filed the present Complaint *pro se* against Defendant alleging copyright infringement and actual damages in the amount of $250,000. Plaintiff alleges that at the time of publication, the oil paintings "were protected by copyright under the registered trademark of 'NITEOWL'S ART,' Trademark Application No. 78945717." *Id.* at ¶ 12; s*ee also* Opp'n at 2 (Dkt. 13). On June 13, 2012, Defendant brought the present Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

II. **Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV11-1501 DOC (MLGx)            Date: August 24, 2012
                                                                                                Page 3

---

court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

A motion to dismiss under Rule 12(b)(6) can not be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV11-1501 DOC (MLGx)　　　　　　　　　　Date: August 24, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

---

properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

　　Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

　　The court has a duty to interpret *pro se* pleadings liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). As such, for the purposes of a Rule 12(b)(6) motion to dismiss, the allegations made in *pro se* complaints are held to a less stringent standard than those made in formal pleadings drafted by professional attorneys. *See Hughes*, 449 U.S. at 9.

### III.　Discussion

　　Defendant argues that: (1) the Complaint fails to plead the required elements of a copyright infringement claim under the United States Copyright Act (the "Copyright Act"); and (2) that Plaintiff fails to allege facts sufficient to entitle him to sue under the Copyright Act because of a failure to establish that the works in question were first published in the United States.

#### a. Plaintiff alleges facts necessary to establish copyright ownership, a required element of a copyright infringement claim

　　To establish a claim for copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The Copyright Act protects "original works of authorship fixed in any tangible medium of expression" and copyright ownership in those works "vests initially in the author or authors of the work." 17 U.S.C. §§ 101–102(a). Works of authorship specifically include "pictorial [or] graphic works" which are defined to include "two-dimensional . . . works

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV11-1501 DOC (MLGx)                                              Date: August 24, 2012
                                                                                             Page 5

of fine, graphic, and applied art." 17 U.S.C. §§ 101–102(a)(5). Paintings fall under this subsection of protectable works of authorship. *See* Copyright Office Circular 40.

Federal Rule of Civil Procedure 8(a) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although not binding, Form 19 found in the appendix of the Federal Rules of Civil Procedure is illustrative of "the simplicity and brevity of statement which the rules contemplate" with respect to copyright infringement claims. *See* Fed. R. Civ. P. 84. Form 19 suggests that all that is required when pleading originality is a "bare allegation . . . without the necessity of particularization." 1-12 Nimmer on Copyright § 12.09[A][1].

Here, Plaintiff refers to his works as "Plaintiff's original oil paintings" and states that "each one of Plaintiff's original oil paintings . . . [are] signed by the [P]laintiff/artist Joaquin Lafarge." Because paintings are copyrightable subject matter, and because it can be inferred from Plaintiff's statements that Plaintiff is the author of the oil paintings, Plaintiff has alleged sufficient facts to establish copyright ownership. Moreover, Plaintiff has alleged that which is suggested by Form 19.

Defendant argues that Plaintiff fails to allege ownership of an original work, the first required element of a copyright infringement claim because Plaintiff alleges that the paintings are protected under a trademark application. Although Plaintiff is seemingly confused about the difference between copyright protection and trademark protection, Plaintiff has nonetheless alleged *facts* sufficient to establish copyright ownership. The Complaint's incorrect statements of law are not a basis for dismissal. Thus, Defendant has failed to show that Plaintiff has not pled ownership of an original work.

> **b. Plaintiff alleges that the works in question were unpublished thereby rendering an allegation of first publication in the United States unnecessary**

Under the Copyright Act, unpublished works are subject to copyright protection "without regard to the nationality or domicile of the author." 17 U.S.C. § 102(a); s*ee also* 1-5 Nimmer on Copyright § 5.06 (explaining that if the work in question is unpublished, copyright protection is available to "any foreign author no less than to American nationals"). Published works, on the other hand, are subject to protection only if certain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV11-1501 DOC (MLGx)            Date: August 24, 2012
                                                                                                                                         Page 6

conditions are met. *See* 17 U.S.C. § 104(b). For example, Section 104(b)(2) explains that one way in which a published work is subject to protection is if "the work is first published in the United States or in a foreign nation that, on the date of first publication, is a treaty party." 17 U.S.C. § 104(b)(2).

"Publication" is defined under the Copyright Act as "the distribution of copies of a work to the public by sale or other transfer of ownership." 17 U.S.C. § 101. Although the statutory definition does not explicitly state that the distribution must be made under the authority of the copyright owner, "such authorization is undoubtedly implied." *See* 1-4 Nimmer on Copyright § 4.03[b] ("Congress could not have intended that the various legal consequences of publication under the current Act would be triggered by the unauthorized act of an infringer or other stranger to the copyright."); *see also Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1026 (N.D. Cal. 2003).

Plaintiff sufficiently alleges that the works were unpublished prior to Defendant's magazine publication because Plaintiff alleges that the paintings-at-issue "had never been exposed to the public." Compl. at ¶10. Because Plaintiff pled that his works were unpublished, Plaintiff's works are subject to copyright protection without regard to his nationality or domicile.

Defendant argues that Section 104(b)(2) of the Copyright Act bars Plaintiff from suing for copyright infringement because Plaintiff has not alleged that the copyrightable works giving rise to the claim were first published in the United States. However, Section 104(b) is inapplicable because it applies only to published works. Thus, Defendant has failed to show that Plaintiff must plead publication to state a claim.

### c. Despite Plaintiff's allegations as to copyright ownership, and the inapplicability of Section 104(b)(2), the Court orders Plaintiff to show why the Court should not dismiss for failure to allege copyright registration

Section 411(a) of the Copyright Act states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a) (noting an exception for actions brought for violation of the rights of an author under section 106A, the "Visual Artists Rights Act"). Although not a jurisdictional requirement, Section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV11-1501 DOC (MLGx)            Date: August 24, 2012
                                                                                                           Page 7

---

411(a) "establishes a condition . . . that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the Act's remedial provisions." *See Reed Elsevier, Inc. v. Muchnick,* 130 S. Ct. 1237, 1241–48, 176 L. Ed. 2d 18 (2010); *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 852 (9th Cir. 2012) *substituted opinion at* 2012 U.S. App. LEXIS 12033 (9th Cir. Cal. June 13, 2012) ("Copyright registration is a precondition to filing a copyright infringement action.").

      District courts have held that registration is a *mandatory* precondition to suit and have therefore dismissed copyright infringement claims involving unregistered works *sua sponte*. *See e.g., Ti Training Corp. v. FAAC, Inc.*, 2010 U.S. Dist. LEXIS 59186, *7–9 (D. Colo. June 15, 2010) (dismissing copyright infringement claim not for lack of subject matter jurisdiction but rather for failing to meet a mandatory precondition to filing suit). Moreover, the 9th Circuit has suggested that the registration requirement is a mandatory precondition to filing suit by explaining "registration is required for U.S. works prior to bringing any infringement action . . . [therefore] copyright holders frequently register specifically for the purpose of being able to bring suit." *See Cosmetic Ideas, Inc. v. IAC/Interactivecorp.,* 606 F.3d 612, 619 (9th Cir. 2010).

      Plaintiff has failed to allege any facts regarding registration of the oil paintings. Therefore, this Court ORDERS Plaintiff to SHOW CAUSE why the Court should not dismiss this case for failure to allege copyright registration. Plaintiff shall file a Response on or before **September 17, 2012**. **<u>If Plaintiff fails to do so, this Court shall dismiss WITH PREJUDICE</u>**. If Defendant wishes to file a Reply to that Response or to this Order to Show Cause, Defendant must do so on or before **October 1, 2012.**

> **d. Given Defendant's Motion to Dismiss, an order to compel United States Marshals Service to serve Complaint and Summons on Defendant is unnecessary**

      Plaintiff's Motion requesting an order to direct the United States Marshals Service to serve the Complaint and Summons on Defendant pursuant to Federal Rule of Civil Procedure 4(e) and a November 8, 2011 court order (Dkt. 10) is unnecessary given that Defendant has filed the present Motion to Dismiss. In its Motion to Dismiss, Defendant stated that the U.S. Marshals Service provided it with a copy of the Complaint in late May. Thus, the Court DENIES AS MOOT Plaintiff's Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV11-1501 DOC (MLGx)            Date: August 24, 2012
                                                                     Page 8

### IV. Disposition

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss, and DENIES AS MOOT Plaintiff's Motion for Order Compelling United States Marshals Service to Comply with Court's Order and Serve Complaint and Summons on Defendant.

However, the Court ORDERS Plaintiff to show cause why this Court should not dismiss for failing to allege copyright registration. Plaintiff shall file a Response on or before **September 17, 2012**. **<u>If Plaintiff fails to do so, this Court shall dismiss WITH PREJUDICE</u>**. If Defendant wishes to file a Reply to that Response or to this Order to Show Cause, Defendant must do so on or before **October 1, 2012.**

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                                                         Initials of Deputy Clerk: jcb